UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF PLUMBERS LOCAL 98
DEFINED BENEFIT PENSION FUND, *et al.*,               Case No. 12-12553

               Plaintiffs,                              Paul D. Borman
                                                 United States District Judge

v.


RANDALL R INCORPORATED,
and RANDALL R. DARNELL

               Defendants.
_____/

**OPINION AND ORDER
(1) DENYING AS MOOT PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT BY
DEFAULT AGAINST DEFENDANTS (Dkt. No. 10), and
(2) GRANTING PLAINTIFFS' SECOND MOTION FOR ENTRY OF JUDGMENT BY
DEFAULT AGAINST DEFENDANTS (Dkt. No. 13)**

This is a fringe benefits case arising under the Employee Retirement and Income Security

Act ("ERISA"), 29 U.S.C. §§ 1104 and 1145. Plaintiffs are the Trustees of Plumbers Local 98

Defined Benefit Pension Fund, Plumbers Local 98 Defined Contribution Fund, Plumbers 98

Insurance Fund, Plumbers Local 98 Sub Trust Fund, Plumbers Local 98 Retiree Benefit Fund,

Metro-Detroit Plumbing Industry Training Trust, and Joint Administrative Committee of the

Plumbing & Pipefitting Industry in the Detroit Area (collectively, "Plaintiffs"). Plaintiffs filed this

action for unpaid fringe benefits and breach of fiduciary duty against Randall R, Inc., and its

principal owner and officer, Randall R. Darnell (collectively, "Defendants").

Plaintiffs filed the Complaint in this matter on June 12, 2012. (Dkt. No. 1.) Certificates of

Service reflecting personal service on both Defendants were filed on September 10, 2012. (Dkt.

Nos. 4, 5.) Defendants did not enter a notice of appearance or submit any responsive pleadings. On October 31, 2012, Plaintiffs requested, and the Clerk granted, an entry of default as to both Defendants. (Dkt. Nos. 7, 8, 9.)

Plaintiffs filed a Motion for Entry of Judgment By Default on November 12, 2012. (Dkt. No. 10.) Defendants did not respond, but Defendant Darnell did appear at the March 14, 2013 hearing on Plaintiffs' motion. Defendant Darnell admitted at the hearing that he knew he owed benefits to Plaintiffs, but claimed that he believed he was not required to pay anything until an audit had been completed. Defendant Darnell agreed at the hearing to pay Plaintiffs $12,000, but stated that he would not pay additional amounts requested by Plaintiffs for liquidated damages and attorneys' fees.

On March 19, 2013, Plaintiffs filed a Second Motion for Entry of Judgment By Default Against Defendants. (Dkt. No. 13.) In this motion, Plaintiffs state that Defendants have paid the $12,000 amount agreed to at the March 14, 2013 hearing, but that Defendants still owe $2,726.42 for liquidated damages, interest on unpaid contributions, and attorney fees and costs. Defendants have not filed a responsive pleading.

## I.

Federal Rule of Civil Procedure 55(b) allows the Court to enter a default judgment against a defendant that has failed to plead or otherwise defend in a case. The Rule permits the Court to either enter a default judgment in a certain amount, or conduct a hearing to determine the appropriate amount of damages.

The ERISA regulatory scheme provides as follows regarding actions to recover unpaid fringe benefit payments under § 1145:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in

2

favor of the plan is awarded, the court shall award the plan--

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>> (i) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In addition, 29 U.S.C. § 1109(a) states:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate . . . .

In their first motion for default judgment, Plaintiffs sought payment for unpaid fringe benefit contributions as well as liquidated damages, interest, and attorneys' fees and costs. Because Defendants have submitted a $12,000 payment, Plaintiffs now seek only liquidated damages, interest, and attorneys' fees and costs. The Court will therefore DENY AS MOOT Plainitffs' first Motion for Entry of Judgment By Default Against Defendants.

Defendant Darnell admitted at the March 14, 2013 hearing that he owes unpaid fringe benefit payments to Plaintiffs, and agreed to pay $12,000 to Plaintiffs. Although the unpaid fringe benefits

have now been paid, Plaintiffs claim that Defendants continue to owe $2,762.42 in liquidated damages, interest, and attorneys' fees and costs. As noted *supra*, each of these items is expressly authorized under § 1132(g)(2)(D).

The Court finds that the proofs attached to Plaintiffs' initial motion for default judgment, as well as Defendant Darnell's admission that he owes Plaintiffs unpaid fringe benefit contributions, are sufficient to carry Plaintiffs' burden of establishing the amount of their damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (noting that "[w]here damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved."). The Court will therefore grant Plaintiffs' request for liquidated damages and interest.

In support of their request for attorney's fees, Plaintiffs attached to their initial motion an Affidavit of Counsel Regarding Fees and Costs. (Pls.' Mot. for Default J., Ex. D.) The Affidavit states that Plaintiffs' counsel's billing rates were $175 for partners and $150 for associates. (Fees Aff. ¶ 4.) The Affidavit further states that 15.2 hours were expended on this matter, and that all of those hours were billed at $175. (*Id.*) Plaintiffs thus initially requested $2,660 in attorney fees. Plaintiffs also seek costs related to their filing fees and the expense of hiring an accountant to conduct an interest calculation on the amount Plaintiffs claim represents unpaid fringe benefit payments.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In determining an appropriate attorney fee award, the Court follows the "lodestar method." "The lodestar method is deceptively simple: the fee amount equals 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *B & G Min., Inc. v.*

4

*Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 662 (6th Cir. 2008) (quoting *Hensley*, 461 U.S. at 433)).

The Court finds that Plaintiffs' counsel's hourly rate of $175 is reasonable. The Court also finds that the number of hours Plaintiffs' counsel claims to have expended on the instant litigation, 15.2, is also reasonable. Furthermore, the Court finds that Plaintiffs are entitled to costs of this litigation pursuant to § 1132(g)(2)(D).

Plaintiffs' Second Motion for Entry of Judgment By Default Against Defendants also seeks an order that Defendants "open the company's books and records in order for Plaintiff[s] to conduct a complete audit through the present, to determine the amount due and owing Plaintiff Funds in unpaid contributions . . . ." (Pls.' Mot. for Default J. 3.) This relief is authorized under 29 U.S.C. § 1132(g)(2)(E), which provides for "other legal or equitable relief as the court deems appropriate." Equitable relief is also specifically provided for as to Defendant Randall R. Darnell under 29 U.S.C. § 1109(a). The Court will therefore grant Plaintiffs' request and order Defendants to submit to a complete audit, so that Plaintiffs may determine, and submit proper proofs, as to the total amount of unpaid fringe benefit contributions.

## II.

For the reasons stated above, the Court will:

(1) **DENY AS MOOT** Plaintiffs' Motion for Entry of Judgment By Default;

(2) **GRANT** Plaintiffs' Second Motion for Entry of Judgment By Default;

(3) **ORDER** the judgment be entered in favor of Plaintiffs and against Defendants in the amount of $2,762.42; and

(4) **FURTHER ORDER** that Defendant Randall R, Inc., open the company's books and

5

records in order for Plaintiffs to conduct a complete audit through the present, to determine the amount due and owing to Plaintiffs in unpaid contributions.  The Court shall amend its Judgment to include an amount determined due pursuant to the audit.  Further, the Court shall amend its Judgment to include the attorney fees and costs on all amounts determined due after the updated audit.

The Court will retain jurisdiction over all post-judgment matters.

**IT IS SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 23, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2013.


s/Deborah Tofil
Case Manager